**UNITED STATES DISTRICT COURT**
**FOR THE NORHTERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES S. HAMMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE No. _____ |
| VS. | ) | |
| | ) | |
| ARDWIN BOYER, DAVID STATHAM, | ) | |
| NEWMAN, BOYER & STATHAM, LTD.; | ) | |
| and NEWMAN, BOYER & STATHAM, | ) | |
| LTD 401(k) PROFIT SHARING PLAN | ) | |
| | ) | |
| Defendants, | ) | |

## COMPLAINT

Plaintiff, JAMES S. HAMMAN, by his undersigned attorney, states:

## JURISDICTION AND VENUE

l.        This action arises under Title 1 of the Employee Retirement Security Act of

1974 ("ERISA"), as amended, 29 U.S.C. §1001, et seq., and is brought by the Plaintiff

under Section 502(a)(1-3) of ERISA, 29 U.S.C. §1132(a)(1-3), to obtain appropriate relief

for breaches of fiduciary duty under ERISA Section 409, 29 U.S.C. §1109, and to obtain

such other further relief as may be appropriate to redress violations of Title 1 of ERISA.

2.        This Court has subject matter jurisdiction over this action pursuant to

Section 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1).

3.        The Newman, Boyer & Statham, Ltd. 401(k) Profit Sharing Plan ("Plan") is an

employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3) that offers

retirement benefits to its participants, who are employees of Newman, Boyer & Statham, Ltd. (the

"Company"), and therefore is subject to the coverage of the Act, pursuant to Section 4(a) of ERISA,

29 U.S.C. §1003(a).  The Plan is administered by the Company in Cook County, Illinois.

0180076.01

4.        Plaintiff is and, at all times pertinent herein, was a resident of Frankfort, Illinois, situated in the Eastern Division of this Court.

5.        Defendant, Ardwin Boyer ("Boyer") is a partner of the Company and resides in Cook County.

6.        Defendant, David Statham ("Statham") is a partner of the Company and resides in Cook County.

7.        This Court has jurisdiction of this case pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1), as this is a civil action brought by a participant for relief under 29 U.S.C. §§ 1132(a)(1-3). This Court also has jurisdiction of Plaintiff's claims based upon Illinois state law, pursuant to the Court's Supplemental Jurisdiction under 28 U.S.C. §1367(a), in that the state law claims are so related to the federal claims in the action, that are within the original federal question jurisdiction of the Court under ERISA, that they form part of the same case or controversy under Article III of the United States Constitution.

8.        This Court is the proper venue where Plaintiff's action may be brought in that this District is the place where the Plan is administered, where the breach took place and where a defendant resides or may be found, pursuant to 29 U.S.C. §1132(e)(2).

## THE PARTIES

9.        Plaintiff was employed by the Company from February 6, 1996 through October 3, 2018.

10.        At all relevant times, the Company has been the Plan Sponsor and Plan Administrator. At all relevant times, the Company has exercised discretionary authority and discretionary control respecting management of the Plan, exercised authority and control respecting management or disposition of the Plan's assets, and has discretionary authority and discretionary responsibility in the administration of the Plan. The Company, therefore, is a fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21), and a party-in-interest as that term is defined in

Section 3(14)(A) and (C) of ERISA, 29 U.S.C. §§ 1002(14)(A) and (C).

11.     At all relevant times, Boyer has been a managing partner of the Company. At all relevant times, Boyer has exercised discretionary authority and discretionary control respecting management of the Plan, exercised authority and control respecting management or disposition of the Plan's assets, and has discretionary authority and discretionary responsibility in the administration of the Plan. Boyer, therefore, is a fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21), and a party-in-interest as that term is defined in Sections 3(14)(A), (E) and (H) of ERISA, 29 U.S.C. §§ 1002(14)(A), (E) and (H).

12.     At all relevant times, Statham has been a managing partner of the Company. At all relevant times, Statham has exercised discretionary authority and discretionary control respecting management of the Plan, exercised authority and control respecting management or disposition of the Plan's assets, and has discretionary authority and discretionary responsibility in the administration of the Plan. Statham, therefore, is a fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21), and a party-in-interest as that term is defined in Sections 3(14)(A), (E) and (H) of ERISA, 29 U.S.C. §§ 1002(14)(A), (E) and (H).

13.     The Plan is named as a Defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

## GENERAL ALLEGATIONS

14.     Plaintiff was hired to work for the Company with a compensation package that included a 401(k) matching contribution equal to 80%, up to a maximum of 5% of Plaintiff's elective deferrals. The previous statement is based upon the Plaintiff's reasonable belief; however, Plaintiff has been unable to confirm the specific matching provisions given the Defendants' inability to provide the Plaintiff with copies of Plan documents, including the Summary Plan Description.

15.     In October of 2018, Plaintiff was informed that the Company was no longer able to

pay him for his services, so Plaintiff separated from the Company.  At the time of Plaintiff's

separation , the Company owed Plaintiff $71,765 (not including Plaintiff's elective deferrals or the

Company's matching contributions) for previous employment services provided by the Plaintiff.

16.        On October 3, 2018, the Parties entered into an agreement (the "10/3/18 Agreement")

whereby the Company, through it's managing partner Boyer, acknowledged the monies owed to

Plaintiff for his previous services, as well as amounts owed under the Plan.  See Exhibit A, the

"10/3/18 Agreement).

17.        For payroll periods from January 1, 2013 through  October 2018 (the "relevant

period"), the Company, Boyer and Statham deducted money from Plaintiff's pay as employee

contributions to the Plan.

18.        In his capacity as managing partner of the Company and as fiduciary to the Plan,

Boyer failed to ensure that Plaintiff's contributions which were withheld from his paychecks were

timely forwarded to the Plan for Plan years starting January 1, 2013 through October 3, 2018.

Plaintiff's contributions were either unremitted or remitted late, without interest, and with Plaintiff's

contributions instead remaining in the Defendants' possession.

19.        In his capacity as managing partner of the Company and as fiduciary to the Plan,

Statham failed to ensure that Plaintiff's contributions, which were withheld from his paychecks, were

timely forwarded to the Plan for Plan years starting January 1, 2013 through October 3, 2018.

Plaintiff's contributions were either unremitted or remitted late, without interest, and with Plaintiff's

contributions instead remaining in the Defendant's possession.

20.        Unremitted employee contributions are assets of the Plan within the meaning of

ERISA.  Boyer, Statham and the Company failed to segregate the Plan assets from the general assets

of the Company.  Boyer and Statham also failed to ensure that unremitted employee contributions

were remitted to the Plan.

21.        Plaintiff contributions deducted from payroll but not forwarded to the Plan likely

total in excess of $5,000, plus lost investment opportunity income.  As a result of the Defendants'

inability or unwillingness to provide a detailed accounting or plan documents, Plaintiff is unsure as to the total amount of loss.

22.     Boyer, Statham and the Company each failed to comply with Section 404(a)(1) of ERISA in the administration of their specific fiduciary responsibility and each enabled the other to commit breaches of ERISA.

23.     In addition to the above, Plaintiff, through his attorney, sought from the Company and Boyer and Statham copies of the Summary Plan Description for the Plan.  Plaintiff, through his attorney, made these requests in writing on February 25, 2022 and March 22, 2022 and by telephone conversations with Boyer on repeated occasions.

24.     Plaintiff still has not received the 401(k) Summary Plan Description, although the initial request for the document was made on February 25, 2022.   Defendants have also failed each year to provide Plaintiff with the summary annual report of the Plan as required.

25.     Plaintiff has incurred and reasonably expects to incur further attorney's fees in connection with pursuit of these claims.

## COUNT I: FAILURE TO MAKE REQUIRED ERISA PAYMENTS

26.     29 U.S.C. §1132(a) provides that a civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan or for other appropriate equitable relief to redress violations of ERISA or to enforce any provision thereof or the terms of the plan

27.     With respect to the Plan, Plaintiff was a participant.

28.     The Company has denied Plaintiff benefits of the Plan by failing to deposit Plaintiff's elective deferrals during the Plan year 2018, and by failing to deposit Plaintiff's elective deferrals in a timely fashion during Plan years 2013 through 2017.

29.     The Company has denied Plaintiff benefits of the Plan by failing to deposit the Company's required matching contributions during the Plan year 2018, and by failing to deposit the Company' required matching contributions in a timely fashion during Plan years 2013 thru 2017.

30.      The Company has breached the terms of the Plan.

31.      The elective deferrals required to be timely placed in the Plan for investment were not all made as required.  Over $2,000 was withheld from Plaintiff's paycheck in 2018, but was never deposited.  Elective deferrals were withheld from Plaintiff's paychecks during 2013 thru 2017, but were not timely deposited

32.      The amount of unpaid matching contributions during 2018 that should have been made on behalf of Plaintiff is approximately $2,000.  In addition, matching contributions were not timely deposited during 2013 thru 2017.

33.      By virtue of the breaches of obligations under the terms of the Plan, Plaintiff has been damaged by Defendants' failure to deposit elective deferrals and matching contributions; and has also lost investment returns associated with the failure to deposit, or timely deposit, elective deferrals and matching contributions.

34.      EBSA Regulation 2510.3-102 provides that amounts withheld from an employee's wages are considered plan assts.  Pursuant to 29 U.S.C. §1106(a)(1)(D) and 29 U.S.C. §1106(b)(1), Defendants engaged in prohibited transactions by: (a) as fiduciaries with respect to the Plan, acted knowingly by failing to deposit monies that were deferred from Plaintiff's income and that should have been timely contributed to the Plan, which constituted a direct or indirect use of assets of the Plan for the benefit of Defendants, rather than Plaintiff, and (b) also by dealing with the Plan assets in their own interests or for their own account.

35.      The Company has breached the terms of the Plan such that Plaintiff is entitled to recover all benefits due to him under the terms of the Plan, to enforce his rights under the terms of the Plan and to obtain other appropriate equitable relief to redress violations and to enforce the terms of the Plan.

36.      Defendants have engaged in prohibited transactions as aforesaid, which may result in penalties to Defendants.

37.      Plaintiff is entitled to the remedies of restitution and an accounting to specifically determine the full extent of all benefits denied to him pursuant to the terms of the Plan and arising out of Defendant's various breaches of contractual and statutory duties as to total amounts that should have been paid in (a)

elective deferrals and 401(k) matching contributions, and (b) timely payments to said Plan, as well as all investment returns that would have been generated had such elective deferrals and appropriate matching contributions been made as required.

38.     29 U.S.C. §1132 provides that in any action under ERISA by a participant or beneficiary, the court may allow reasonable attorney's fees and costs of the action to the prevailing party.

39.     Plaintiff has incurred and reasonably expects to incur further attorney's fees in connection with pursuit of these claims.

40.     Plaintiff should receive all of his reasonable attorney's fees and costs of action in that Defendants have violated numerous ERISA and contractual obligations imposed upon them.

41.     Boyer, Statham and the Company failed to comply with Section 404(a)(1) of ERISA in the administration of their specific fiduciary responsibilities and each enabled the other to commit breaches of ERISA. By failing to comply with Section 404(a)(1) of ERISA in the administration of their specific fiduciary responsibilities and thereby enabling the other to commit breaches of ERISA, Boyer, Statham and the Company are each liable for the other's breaches of fiduciary responsibility, pursuant to Section 405(a)(2) of ERISA, 29 U.S.C. §1105(a)(2).

## COUNT II: ERISA STATUTORY PENALTIES

42.     29 U.S.C. §1132(a)(1)(A) provides that a civil action may be brought by a participant or beneficiary for the relief provided in subsection C, concerning an administrator's refusal to supply requested information.

43.     29 U.S.C. §1132(c)(1)(B) provides that any administrator who fails or refuses to comply with a request for any information which such administrator is required by the subchapter to furnish to a participant or beneficiary, by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request, may be personally liable in the court's discretion for a penalty in the amount of up to $100 per day from the date of such failure or refusal.

44.     Pursuant to 29 U.S.C. §1024, the administrator of any employee benefit plan is required to provide to participants or beneficiaries copies of such summary plan documents. 29 U.S.C. §1022 provides

the specifics as to what must be contained in such summary plan descriptions.

45.        Plaintiff still has not received the 401(k) Summary Plan Description despite his numerous requests.

46.        Plaintiff is entitled to receive the statutory penalty from the plan administrator for $100 per day for each day of violation.  The total possible penalty due for failure to provide the 401(k) Summary Plan Description is therefore equal to $100 per day for 390 days, beginning 30 days after February 25, 2022 through March 21, 2023.  The penalty is therefore $39,000.

47.        The Company is the plan sponsor and a plan administrator of the plans and as such is a named fiduciary.  Boyer and Statham, as managing partners of the Company, were likely named trustees.  Plaintiff has not received the requested Summary Plan Description, so Plaintiff has been unable to fully ascertain whether Boyer and Statham acted in other fiduciary capacities.

48.        The failure to provide the requested information occurred through bad faith and intentional conduct on the part of Defendants.

49.        Plaintiff, through his attorney, made multiple requests for the documents and information in question.

50.        29 U.S.C. §1132 provides that in any action under ERISA by a participant or beneficiary, the court may allow reasonable attorney's fees and costs of the action to the prevailing party.

51.        Plaintiff has incurred and reasonably expects to incur further attorney's fees in connection with pursuit of these claims.

52.        Plaintiff should receive all of his reasonable attorney's fees and costs of action.

### COUNT III: BREACH OF CONTRACT

53.        As of March 21, 2023, the balance owed by the Company to the Plaintiff under the 10/3/18 Agreement is $57,365; which is comprised of the original amount of $71,765 related to previous employment services provided, reduced by $14,400, which represents payments made by the Company to the Plaintiff during 2022 and 2023.

54.        Plaintiff fully performed the services that entitled him to these amounts.

55.         The loss of investment opportunity income on the $57,365, as measured by the total return of the S&P 500 index between October 2018 and February 2023, to Plaintiff is $24,993.

WHEREFORE, Plaintiff prays for the following relief:

A.  For an order declaring that Defendants have breached the terms of the Company Plan and that Plaintiff is entitled to fully enforce all rights under the terms thereof and applicable sections of ERISA.

B.  For an order requiring an accounting (a) for the elective deferrals that were not deposited, or timely deposited, for investment according to the requirements of ERISA, and (b) as to all sums that should have been contributed to the Plan on behalf of Plaintiff pursuant to the matching contributions requirement of the Plan; plus the determination of lost investment returns stemming from the failure to comply with the Plan.

C.  For an order of restitution and judgment in favor of Plaintiff and against Defendants as to all sums found to be due and owing pursuant to the accounting requested in paragraph B above.

D.  For a declaration that Defendants have engaged in prohibited transactions and breached fiduciary duties pursuant to 29 U.S.C. §1104 and 1106 as detailed herein.

E.  For attorney's fees and costs of action incurred by Plaintiff in regard to all of his ERISA claims pleaded hereinabove.

F.  For penalties in the amount of $37,500  for failure to provide required information as the Plan.

G.  For a judgment in the amount $82,358 in connection with the breach of contract and loss proximately resulting therefrom.

H. For such further relief as the Court considers just and equitable, including interest and lost investment opportunity.

s/ James S. Hamman, Jr.
James S. Hamman, Jr.
Attorney for Plaintiff
1720 N. Dayton St.
Chicago, IL 60614
Telephone: (630) 544-9699
E-mail: jshammanjr@gmail.com
